**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IRM DEFINED BENEFIT PENSION, by
its Trustee, a/k/a Bobby E.
Leonard, Doctor,
Plaintiff-Appellant,

No. 95-2029

v.

UNITED STATES LIFE INSURANCE
COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
M. J. Garbis, District Judge.
(CA-93-2943-MJG)

Argued: May 6, 1996

Decided: October 1, 1996

Before ERVIN and WILKINS, Circuit Judges, and NORTON,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Nicholas J. Kallis, Annapolis, Maryland, for Appellant.
Thomas G. Young, III, Baltimore, Maryland, for Appellee. **ON
BRIEF:** George Z. Petros, Annapolis, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby E. Leonard, Trustee of IRM Defined Benefit Pension ("the Plan"), sued in the District of Maryland to recover the death benefit on a life insurance policy which the Plan purchased for an employee and then mistakenly left in force after the employee's retirement. Pursuant to a separate state court settlement, United States Life Insurance Company of the City of New York paid the death benefit to the employee's widow--who was the named beneficiary--and to Institute for Resource Management ("IRM")--the corporation which established the pension plan. The Plan itself, however, was not included in the settlement, and now Leonard contends that U.S. Life is liable to the Plan for the entire amount of the death benefit.

After a bench trial, the district court found otherwise. The court rejected Leonard's assertion that the Plan was entitled to the death benefit because it was the owner of the policy. The court found that, once Harold Froese--the retired employee--no longer had an interest in the policy, the Plan's ownership entitled it to surrender the policy for its cash surrender value or to continue the policy in effect and designate itself as beneficiary. However, the court concluded that nothing in the policy or the law entitled the Plan to recover the proceeds simply by virtue of its status as policy owner.

The court also rejected Leonard's theory that Betty Froese--the widow of the insured employee--assigned her beneficiary rights to the Plan by executing a Spousal Consent Form consenting to her husband's election of a lump-sum payment upon his retirement. The Spousal Consent Form stated only that Mrs. Froese would release her rights to a joint and survivor annuity in order that her husband may receive a lump-sum payment, but made no reference to the policy. The court acknowledged that a valid assignment can exist in the absence of an express written agreement, but reasoned that, in the absence of such agreement the intentions of the parties must be clear.

2

The court found no evidence that the parties intended that Betty Froese assign her beneficiary rights to U.S. Life. At the same time that Betty signed the Spousal Consent Form, Harold signed* an Insurance Election Form, advising him that he had the right to continue the policy, but would be responsible for future premiums. The form also stated that, if Harold did not wish to assume ownership of the policy, it would be surrendered and any cash value would be paid to him. Thus, the district court concluded that neither the Spousal Consent Form nor the companion Insurance Election Form demonstrated any intent by the Froeses that the policy would continue in force and Mrs. Froese would assign her beneficiary rights to the Plan.

Nor did the Plan intend to maintain the policy in force and become its beneficiary, the court concluded. First, Section 4.04 of the plan document--providing, in part, that "[the Trustees] shall not pay premiums for Policies on the lives of Participants who have terminated employment"--suggests that the terms of the plan itself prohibit the maintenance of life insurance policies on retired employees. Second, the court reasoned that to continue a life insurance policy on a former employee would be an improper and imprudent use of Plan assets. Finally, the Plan took no actions comporting with a belief that it was a beneficiary of the policy or with a desire to become a beneficiary. In particular, it did nothing to change the named beneficiary after Harold's retirement. Finding no entitlement to the death benefits, the court entered judgment in favor of U.S. Life.

We concur with the basic reasoning of the district court, and reject Leonard's new contention on appeal that the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1011 et seq. ("ERISA"), compels a contrary result. ERISA preempts state law pertaining to the designation of beneficiaries. Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 560 (4th Cir. 1994). The Act requires plan administrators

_____

*Although the district court stated that Harold"signed" an Insurance Election Form, the form actually requested a participant's signature to indicate a desire to continue the policy. Accordingly, the president of the pension firm hired to administer the plan testified that Harold indicated his desire to surrender the policy by not signing the Insurance Election Form. Nevertheless, the district court's reasoning is not affected by the distinction.

3

to discharge their duties "in accordance with the documents and instruments governing the plan . . . . " Leonard founds his argument on the non-controversial premise that, under the terms of the plan document, Mrs. Froese surrendered her right to receive the death proceeds when her husband opted to cash out of the policy. However, Leonard fails to show that Betty Froese's lack of entitlement created a corresponding right in the Plan to receive the benefit. Leonard points to Section 4.03 of the plan documents, which provides that "the Trustees shall be the beneficiary of each Policy provided hereunder." However, Section 4.03, by its title, applies to policy dividends. In contrast, the plan provisions concerned with death benefits and the designation of beneficiaries contain no such language.

We are aware of no provision of ERISA, the plan documents, or the policy that entitles the Plan to claim the death benefit under these circumstances. The Plan had the right, as the policy's owner, to change the designated beneficiary. Under federal common law of substantial compliance, this court will honor an incomplete beneficiary change where the participant or policy owner (1)"inten[ded] to make the change and (2) attempt[ed] to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy." Phoenix, 30 F.3d at 564 (quoting Phoenix Mut. Life Ins. Co. v. Adams, 828 F. Supp. 379, 388 (D.S.C. 1993)). However, it is undisputed that the Plan never took any step to make itself the beneficiary and, indeed, never intended to do so. Compare First Capital Life Ins. v. AAA Communications, 906 F. Supp. 1546, 1559-60 (N.D.Ga. 1995) (after employee left employ without vested rights, employer completed beneficiary designation form, which insurance agent failed to forward to insurer). Rather, the intentions and expectations of all parties involved--including the Plan--was that the Plan would surrender the policy to recover its cash value. Instead, the Plan slept on its rights and allowed the surrender value of the policy to dissipate. While the Plan possibly could have sought redress for the cash surrender value from Betty Froese or from its fiduciary, IRM, see, e.g., Provident Life and Acc. Ins. Co. v. Waller, 906 F.2d 985, 993 (4th Cir.) (recognizing, under ERISA, a limited federal common law of unjust enrichment), cert. denied, 498 U.S. 982 (1990), U.S. Life need not now pay the death benefit twice because of the Plan's negligent failure to surrender a policy which no one--including the Plan itself--intended to be

4

continued in force after the employee's retirement and under which the Plan was never named as beneficiary. The judgment of the district court is, accordingly,

AFFIRMED.

5